```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

ISAAC WILLIAMS, JR.,           :    Civil Action
                               :    No. 08-4705(NLH)(JS)
        Plaintiff,             :
                               :
    v.                         :
                               :    OPINION
                               :
TOWNSHIP OF MIDDLE, et al.,    :
                               :
        Defendants.            :
                               :
```

**APPEARANCES:**

THOMAS C. ROSSELL
210 NEW ROAD
SUITE 9
LINWOOD, NJ 08221

    On behalf of plaintiff

DONALD A. POWELL
POWELL, BIRCHMEIER & POWELL, ESQS.
1891 STATE HIGHWAY 50
PO BOX 582
TUCKAHOE, NJ 08250-0582

    On behalf of Middle Township defendants

JOHN J. BANNAN
THOMAS B. REYNOLDS
REYNOLDS, DRAKE, WRIGHT & MARCZYK
A PROFESSIONAL CORPORATION
29 NORTH SHORE ROAD
ABSECON, NJ 08201

    On behalf of Millville defendants

**HILLMAN**, District Judge

    Presently before the Court are the motions of defendants for summary judgment on plaintiff's claims arising from his arrest in

Middle Township, New Jersey on an outstanding traffic warrant. Defendants removed plaintiff's case to this Court from state court pursuant to 28 U.S.C. § 1446(b), contending that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because plaintiff's complaint "may be construed" as alleging federal constitutional violations brought under 42 U.S.C. § 1983.[1]  In their motions for summary judgment, defendants argue that plaintiff's claims based on state tort law fail as a matter of law.  Defendants also point out that no federal constitutional claims were actually pleaded in plaintiff's complaint, that he never amended his complaint to assert such claims, and that even if the existing complaint is construed to contain such claims, those claims fail as well.  Plaintiff has not opposed defendants' motions.  The Court cannot delve into the substantive analysis of defendants' motions on plaintiff's claims, however, because it is clear that the Court lacks subject matter jurisdiction to hear plaintiff's case.

"A federal court is bound to consider its own jurisdiction preliminary to consideration of the merits," Trent Realty Assocs.

---

[1]Previously, the Court ordered defendants to amend their notice of removal because it failed to state that plaintiff's complaint was being removed within thirty days of defendants' receipt of it.  (See Docket No. 3.)  Defendants complied with the Court's Order.  (See Docket No. 6.)

v. First Fed. Sav. & Loan Ass'n of Philadelphia, 657 F.2d 29, 36 (3d Cir. 1981), and a court, *sua sponte*, may raise the court's lack of subject-matter jurisdiction at any time, Kontrick v. Ryan, 540 U.S. 443, 455 (2004). The "basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." S. Freedman and Co., Inc. v. Raab, 180 Fed. Appx. 316, 320 (3d Cir. 2006) (citation omitted).

Here, plaintiff, a New Jersey citizen, filed his complaint in the Superior Court of Cape May County, New Jersey, against two New Jersey municipalities. His claims concern injuries he allegedly suffered when he was arrested and handcuffed by Middle Township police officers and then transferred to the custody of Millville police officers. Plaintiff claims that defendants' negligence caused him to suffer permanent bodily injuries to his hands and wrists, as well as to suffer severe mental anguish. In his complaint, plaintiff states that he complied with the New Jersey Tort Claims Act, N.J.S.A. 59:8-3, which requires that he provide notice to the public entity of any tort claim against it prior to filing suit. Nowhere in plaintiff's complaint does he allege any federal constitutional violations.

The Millville defendants removed plaintiff's case to this Court, alleging federal question jurisdiction under 28 U.S.C. §

1331.[2]  By stating in their notice of removal that it appeared that plaintiff could be advancing constitutional violation claims under the Fourth Amendment, even though plaintiff did not expressly plead such claims, the Court presumes defendants were proceeding under their interpretation of the well-pleaded complaint rule.  See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."); Lazorko v. Pennsylvania Hosp., 237 F.3d 242, 248 (3d Cir. 2000) ("If a federal question appears on the face of the plaintiff's complaint, the defendant may remove the case to federal court.").

There are two problems with this approach.  First, the well-pleaded complaint rule is not applicable to this case.  There are "two situations where federal jurisdiction could be available even though plaintiff based its claim in state court on state law: (1) when it appears that some substantial, disputed question

---

[2] Jurisdiction pursuant to 28 U.S.C. § 1332, diversity jurisdiction, is not available because both plaintiff and defendants are citizens of New Jersey.  Correspondingly, removal on that basis would not have been permissible. See 28 U.S.C. § 1441(b).

of federal law is a necessary element of one of the well-pleaded state claims or (2) when it appears that plaintiff's claim is 'really' one of federal law." Goepel v. National Postal Mail Handlers Union, a Div. of LIUNA, 36 F.3d 306, 310 (3d Cir. 1994) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 13 (1983)) (other citations omitted).  Neither of those situations is present here.  Plaintiff's state law negligence claims do not implicate any federal laws, and plaintiff makes no mention of violations to his civil rights so that his complaint could be construed as alleging a federal constitutional violation.

This is not a situation where the plaintiff has generically alleged constitutional violations, but has not articulated whether those claims arise under the United States or New Jersey constitutions.  In that scenario, as long as the plaintiff has not challenged such an interpretation of his claims, predicating the Court's jurisdiction on that basis may be appropriate. Cf. Marina Bay Towers Urban Renewal II, L.P. v. City of North Wildwood, 2009 WL 2147356, *3 n.7 (D.N.J. 2009) (construing plaintiff's removed complaint to assert federal law violations even though the complaint "simply asserts claims for 'Substantive Due Process'[] and 'Civil Rights' [], without reference to a

5

constitutional or statutory provision," because plaintiff did "not challenge the City's construction of plaintiff's claims as federal, and the face of plaintiff's complaint can be construed as asserting federal claims").  However, without any reference to the constitution or civil rights laws, and plaintiff's repeated allegations of negligence and reference to the NJTCA, the Court cannot find that plaintiff's claims turn on substantial questions of federal law.  Moreover, even if a federal issue were implicated, one federal issue is not "a password opening federal courts to any state action embracing a point of federal law." Grable, 545 U.S. at 314.

The second problem with defendants' removal, and the current posture of the case, is that despite defendants' characterization of plaintiff's claims, and their unsolicited broadening of his claims, he has never filed an amended complaint to confirm that defendants' characterization is correct.  Even though the events described in plaintiff's complaint could also possibly support federal constitutional violation claims, it is plaintiff's prerogative to assert, or not, such claims.  See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (explaining that a plaintiff is "the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.").

6

Complicating matters somewhat is plaintiff's continued silence on this issue. Plaintiff did not amend his complaint, but he also did not move for remand. Plaintiff also has failed to oppose defendants' summary judgment motions, which, as we noted previously, point out that plaintiff has not pleaded any federal constitutional violation claims. However, regardless of plaintiff's apparent apathy to the construction of his claims or what forum will consider them, the absence of an affirmative federal claim in his complaint and indeed any claim that could be construed to implicate federal law deprives this Court of subject matter jurisdiction to hear plaintiff's case. S. Freedman and Co., Inc. v. Raab, 180 Fed. Appx. 316, 320 (3d Cir. 2006) (citation omitted) (stating that the Court has an independent obligation to determine subject matter jurisdiction, and it is well-established that "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference").

Accordingly, this case must be remanded to the state court where it originated.[3] CitiFinancial v. Gimbi, 183 Fed. Appx.

---

[3]Defendants' motions for summary judgment contend that plaintiff cannot prove his state law tort claims. Upon remand, these motions will be ripe for consideration by the state court judge, who is aptly qualified to decide such issues.

7

232, 233 (3d Cir. 2006) (citing Bromwell v. Michigan Mut. Ins. Co., 115 F.3d 208, 214 (3d Cir. 1997) ("[W]hen a federal court has no jurisdiction of a case removed from a state court, it must remand and not dismiss on the ground of futility.")).  An appropriate Order will be entered.



Date:   August 30, 2010              s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.

232, 233 (3d Cir. 2006) (citing Bromwell v. Michigan Mut. Ins. Co., 115 F.3d 208, 214 (3d Cir. 1997) ("[W]hen a federal court has no jurisdiction of a case removed from a state court, it must remand and not dismiss on the ground of futility.")).  An appropriate Order will be entered.

Date:   August 30, 2010              s/ Noel L. Hillman
At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.